**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Moises ANAYA, Defendant–Appellant.**

**No. 05–50413.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2007 \*.

Filed Feb. 23, 2007.

Mark R. Rehe, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jason I. Ser, Esq., FDSD—Federal Defenders Of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before McKEOWN and BERZON, Circuit Judges, and KING **\*\***, Senior Judge.

MEMORANDUM **\*\*\***

A jury found Moises Anaya guilty of one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court subse-

**\*\*** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

**\*\*\*** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

quently sentenced Anaya to time already served for both counts (392 days), followed by two years of supervised release.[1] As one condition of his supervised release, Anaya was ordered to "cooperate as directed in the collection of a DNA sample," pursuant to the DNA Analysis Backlog Elimination Act of 2000 ("DNA Act"). *See* 42 U.S.C. § 14135a (2000). On appeal, Anaya challenges the constitutionality of the DNA Act, arguing that the statute violates the Fourth Amendment, the Fifth Amendment, and the Commerce Clause. We review challenges to the constitutionality of a statute *de novo, see United States v. Serang,* 156 F.3d 910, 913 (9th Cir.1998), and affirm the district court.

Anaya's appeal is directly controlled by *United States v. Reynard,* 473 F.3d 1008 (9th Cir.2007). There, we squarely rejected the same three constitutional challenges to the DNA Act that Anaya raises here.

First, *Reynard* held that consideration of the argument that "the DNA Act violates the Fourth Amendment because it authorizes a search without requiring individualized suspicion" was "foreclosed" by our circuit's prior decisions in *United States v. Hugs,* 384 F.3d 762 (9th Cir. 2004), and *United States v. Kincade,* 379 F.3d 813 (9th Cir.2004) (en banc), *cert. denied,* 544 U.S. 924, 125 S.Ct. 1638, 161 L.Ed.2d 483 (2005). *See Reynard,* 473 F.3d at 1013. As a result, Anaya's Fourth Amendment challenge to the DNA Act fails.

Following *Reynard,* Anaya's Fifth Amendment challenge to the DNA Act also fails. *See id.* at 1022 (rejecting the argument that "extraction of DNA information violates [one's] Fifth Amendment

right not to be subject to the compelled production of any incriminating evidence").

Finally, given *Reynard's* holding that "the DNA Act constitutes a valid exercise of Congress's power pursuant to the Commerce Clause," *id.* at 1024, Anaya's last constitutional challenge fails as well.

Anaya's supplemental brief is directed at challenging whether *Reynard* was correctly decided. As a three-judge panel, we are precluded from considering that question, absent some pertinent change in the law after *Reynard. See Miller v. Gammie,* 335 F.3d 889, 899 (9th Cir.2003) (en banc) (holding that "a three-judge panel may not overrule a prior decision of the court" unless the "prior decision. [has] been undercut by higher authority to such an extent that it has been effectively overruled"). There has been no such change.

AFFIRMED.

---

1. Anaya was originally sentenced to serve two eighteen-month sentences, to run concurrently, followed by two years of supervised release. The district court imposed the current sentence after the Ninth Circuit remanded the matter, following the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).